HAVERFIELD, Judge.
Plaintiff-appellants appeal a final judgment awarding defendant-appellees a one-half interest in three aircraft or proceeds from the sale thereof and an accounting and full distribution.
In March 1969, plaintiff’s husband, William Cook, was desirous of purchasing the plaintiff corporation Bahamas Air Taxi, Inc. (herein referred to as BAT) and persuaded the defendant Robert Lee, an experienced aviation consultant, to join with him in this venture so that he (Cook) might be able to obtain financing and also have the benefit of Lee’s aviation experience. Thereupon, Cook and Lee entered into an agreement which provided in part: that 50% of the BAT stock would be issued to Cook and the remaining 50% would be held as treasury stock which would only be sold to Lee for $15,000 within a period of five years; that BAT would pay Lee $200 per month for his services as a consultant; that Lee would pledge as security certain property owned by him to obtain $50,000 from the Small Business Administration (SBA) and that if BAT was unable to pay its debts, Cook voluntarily would relinquish control and ownership thereof to Lee. Pursuant to the terms of the above agreement, Cook purchased BAT’s capital stock. The purchase price *66 of two airplanes necessary for the operation of BAT was set at $59,000. Cook and Lee in order to obtain financing therefor applied for an SBA guaranteed loan through the Westchester National Bank. They were informed that the SBA would guarantee the loan for the purchase of the aircraft if Cook and Lee, as equal partners, took title thereto. Subsequently, the bank made two SBA guaranteed loans for the purchase of the two planes and life insurance policies, and as collateral therefor Lee placed a mortgage on ten acres of land which he owned, Cook and Lee executed a mortgage on the airplanes, and purchased the required insurance policies. In addition, Lee, Cook and their wives signed notes and a guarantee of payment. Lee and Cook then entered into another agreement which described them and their wives as officers, directors and shareholders of BAT, and recited that they were the owners of the aircraft. On June 29, 1970 an additional agreement was entered into between the parties whereby Lee was given 50% of the voting rights of BAT. In 1970 Cook and Lee personally purchased for BAT (which was unable to qualify for financing) a third aircraft which was financed through the Westches-ter National Bank. Payments on this purchase fell into arrears and the last payment was made by Lee. Title to the airplanes in violation of SBA and bank regulations was transferred to BAT in order to increase its corporate assets and to begin a depreciation schedule thereon. Thereafter Cook died and his wife, the executrix of his estate, along with BAT filed the instant suit against Lee and the Westchester National Bank in which she sought among other things a judgment declaring defendant Robert Lee to have no right, legal or equitable, in the stock or assets of BAT nor in the insurance proceeds, if any, remaining in the possession of the defendant West-chester National Bank, and that they be directed to execute such documents as may be necessary to transfer to the corporation title to the third airplane purchased in 1970. After a trial non jury, the trial judge entered his findings and based thereon adjudged the defendant Lee to have no interest in the stock or corporate entity of BAT, and entered the judgment without prejudice to any equitable rights of the defendant Lee to the aircraft involved. Thereafter, Lee filed a motion for an order creating a constructive trust and/or equitable lien and accounting pertaining to all funds and monies received by the plaintiff for the sale of the three airplanes. A hearing was held thereon and thereafter the trial judge found that the defendant Robert Lee had a 50% interest in the above aircraft or the proceeds from the sale thereof and ordered that Lee be given a full accounting and full distribution in accordance therewith.
On appeal, plaintiff-appellants contend among other things that the court erred in imposing a constructive trust on the above property in that defendant failed to establish by'clear and convincing proof that he had an equitable interest in the property and he improperly sought to have a constructive trust declared without ever pleading for such relief.
After a close examination of the record we find there was competent substantial evidence contained therein to sustain the finding of the trial judge that defendant Lee had a 50% equitable interest in the subject aircraft and thus his findings will not be disturbed. Turning to the issue of improper procedure in seeking to declare the constructive trust, the record reveals that the relief prayed for in the plaintiffs’ complaint was the trial court enter a judgment declaring that defendant Lee has no right, legal or equitable, in the stock or assets of BAT. Equitable issues having been raised by the complaint, equity acquired jurisdiction thereby and hence continued to exercise its jurisdiction to administer full, complete and final relief. See 12 Fla.Jur. Equity §§ 43, 47 (1957) and cases cited therein.
*67 We have considered appellants’ remaining points on appeal and find them to be lacking in merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.